FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2017 JAN 23 AM 11:40

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES OF AMERICA

v. CASE NO. 2:17-cr-2-FtM-99MRM

JAMES BENJAMIN JONES

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the Civil Rights Division, U.S. Department of Justice, and the defendant, James Benjamin Jones, and the attorney for the defendant, Chris Brown, mutually agree as follows:

### A. Particularized Terms

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the Information. Counts One and Two charge the defendant with Interference with Federally Protected Activities, in violation of 18 U.S.C. § 245(b)(2)(C).

2. Maximum Penalties

Count One carries a maximum sentence of 10 years of imprisonment, a fine of $250,000.00, a term of supervised release of not more than three years, and a special assessment of $100.

Count Two carries a maximum sentence of one year of imprisonment, a fine of $100,000.00, a term of supervised release of not more than one year, and a special assessment of $25.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

The elements of **Count One** are:

First: That the defendant used force or threat of force;

Second: That the defendant willfully intimidated or interfered with a person, M.D.R., or attempted to do so;

Third: That the defendant acted because of M.D.R.'s religion;

Fourth: That the defendant acted because M.D.R. was engaged in the following enumerated protected activity, namely, enjoying private employment; and

Fifth: That the defendant threatened the use of a dangerous weapon, explosives or fire.

The elements of **Count Two** are:

First: That the defendant used force or threat of force;

Second: That the defendant willfully intimidated or interfered with a person, O.A.R., or attempted to do so;

Third: That the defendant acted because of O.A.R.'s religion; and

Fourth: That the defendant acted because O.A.R. was engaged in the following enumerated protected activity, namely, enjoying private employment.

4. Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. Counts Dismissed

At the time of sentencing, the pending informations against the defendant in *State of Florida vs. James Benjamin Jones*, case numbers 16-CF-

017563 and 16-CF-017179, will be dismissed by the State of Florida at the request of the United States.

6. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida and Department of Justice – Civil Rights Division, agree not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office and Department of Justice – Civil Rights Division at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7. Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to M.D.R. and O.A.R.

8. Probation Recommendation

The defendant acknowledges that the United States will recommend to the Court that the defendant be sentenced to a period of probation not to exceed five years, which probation shall be subject to the standing terms and conditions of probation normally imposed by this Court, plus such special conditions as the Court in its discretion may see fit to impose. It is understood by the parties that such a recommendation is not

binding on the Court and that if such recommendation is not accepted, the defendant will not be allowed to withdraw his plea.

9. Acceptance of Responsibility - Two Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

**B. Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further

understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $125.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant

promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement,

or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground

that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and the Department of Justice – Civil Rights Division, neither of which can bind other federal, state, or local prosecuting authorities.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon

any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The

Defendant's Initials

defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

On June 26, 2016, the defendant, James Benjamin Jones, entered the Halal Meat and Grocery Store located in Fort Myers, Florida. The Halal Meat and Grocery Store sold halal meats adhering to Islamic religious law and prominently advertised these products on its storefront window and exterior signage. Upon entering the store, the defendant spoke with M.D.R., the owner, and an employee of the store. The defendant stated that he wanted to speak with the owner and further advised he (the defendant) knew M.D.R. was a Muslim. The defendant told M.D.R. "to shut down the business" and that "four people will come with guns and they will blow up [M.D.R.]" if the store were not closed in one month. The defendant further stated that he and

others would be "keeping an eye" on M.D.R. to ensure that M.D.R. was closing the business as the defendant and others "will blow up all Muslims and get this land back." The defendant then walked out of the store and departed the area.

Subsequently, on July 9, 2016, the defendant entered the Sahara Mediterranean Market located in Fort Myers, Florida. The Sahara Mediterranean Market sold halal meats adhering to Islamic religious law and prominently advertised these products on its exterior signage. Upon entering the store, the defendant requested to speak with the owner. The defendant was directed to O.A.R., the owner, and an employee of the store. The defendant then told O.A.R. that he (the defendant) was from "the good temple" and that "we decided whatever happened in Orlando is not gonna (sic) happen again. We don't need no halal business in the area either you or the other guys (referring to the Halal Meat and Grocery Store) back there." The defendant then told O.A.R., "so for your safety and your family's safety, you got two months to go, to leave."

Subsequent investigation by the Fort Myers Police Department (FMPD) resulted in the identification of the defendant as the person who made the threatening statements at both the Halal Meat and Grocery Store and the Sahara Mediterranean Market in Fort Myers. During an interview

conducted by an agent of the Federal Bureau of Investigation, in conjunction with FMPD, the defendant admitted to making the threatening statements to M.D.R. at the Halal Meat and Grocery Store and to O.A.R. at the Sahara Mediterranean Market.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 11th day of January, 2017.

A. LEE BENTLEY, III
United States Attorney

VANITA GUPTA
Principal Acting
Assistant Attorney General
Civil Rights Division

JAMES BENJAMIN JONES
Defendant

JESUS M. CASAS
Assistant United States Attorney
Chief, Fort Myers Division

CHRIS BROWN
Attorney for Defendant

MAURA WHITE
Trial Attorney, Civil Rights Division